### BATES v. OREGON-AMERICAN LUMBER CO.

(District Court, D. Oregon. December 18, 1922.)

No. L-8889.

Brokers ⚖═➡43(2)—Contract held one of agency, and not of employment as "real estate broker," within statute.

A person employed by the owner of timber land to assist in developing and managing the property and timber and in devising ways and means to secure the best returns therefrom, with no authority to sell except under directions of the employer, *held* not a "real estate broker," within the purview of L. O. L. § 808, subd. 8, as amended by Laws Or. 1917. p. 786, prescribing the requisites of contracts of such brokers, but merely an agent whose contract was not within the statute of frauds.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Real Estate Broker.]

At Law. Action by Paul C. Bates against the Oregon-American Lumber Company. On demurrer to amended complaint. Overruled.

Wilbur, Beckett & Howell and Senn & Recken, all of Portland, Or., for plaintiff.

Wm. E. Munly, of Portland, Or., and De Vine, Howell, Stine & Gwilliam, of Ogden, Utah, for defendant.

WOLVERTON, District Judge. This is a demurrer to the amended complaint, predicated upon the assumption that plaintiff was a real estate broker at the dates set out therein, and was acting in that capacity while in the employ of defendant and doing the things for which he is seeking to recover compensation, and that he was not licensed as such.

The plaintiff sets forth that defendant, during August, 1917, having purchased a large tract of timber land, employed him to assist and aid in developing the property and the timber thereon, and in devising ways and means of securing the best possible returns, and agreed to pay him for his services and to reimburse him for expenses incurred in connection therewith. Some 15 specifications of services rendered are alleged in the complaint, as to nearly all of which, if not all, reasonable compensation is demanded.

Section 808, subd. 8, Lord's Oregon Laws, being a clause of the statute of frauds, was amended in 1917 (Sess. Laws 1917, p. 786), providing the manner of note or memorandum that shall be sufficient where an agent or broker is employed to sell or purchase real estate for another. In 1919 (Sess. Laws 1919, p. 238), an act was passed defining a real estate broker, and licensing him to transact business as such. This act was superseded by act of the Legislative Assembly in 1921. Sess. Laws 1921, p. 438.

It will be seen from this series of acts that, while the style of agreement required on the part of real estate brokers' was defined by law prior to the time plaintiff alleges he entered into the agreement of employment set forth in the complaint, namely, August, 1917, the acts requiring such persons to be licensed were adopted two and four years subsequent thereto. However, plaintiff was bound, if a real estate broker, to the observance of the statute of frauds as a prerequisite to maintaining his action. Whether the later acts are retroactive in their operation need not be discussed, in view of the conclusion I have reached touching the purpose and effect of the complaint.

Was plaintiff a real estate broker, in view of the allegations of his complaint? A review of the allegations of employment and specifications of services performed renders it obvious that plaintiff was not employed to sell or purchase specific tracts of realty designated by the defendant, with fixed commissions or compensation, but to collaborate with defendant in managing its property and assisting in disposing of or purchasing certain holdings. Plaintiff had no authority to buy or sell, except as his employer might direct and approve, and was always subject to his employer's directions in whatever he did in relation to the management, purchase, or disposition of any real property in which it might be, or desired to be, concerned. In other words, plaintiff's employment was that of an agent, subject to special instructions and directions, and his services were rendered in pursuance thereof. He cannot, therefore, be classed as a real estate broker, within the purview of the acts of the Legislative Assembly above noted. Nor does agree-

ment for his general employment fall within the restrictions of the statute of frauds. Sherman v. Clear View Orchard Co., 74 Or. 240, 145 Pac. 264; Western Lumber Co. v. Willis, 160 Fed. 27, 87 C. C. A. 183; Springsteen v. Lewis, 259 Fed. 518, 171 C. C. A. 14.

Demurrer overruled.